IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ALLEN LEE DAVISON     PLAINTIFF

v.     Civil No. 6:18-CV-06101

JOSHUA A. MERRITT     DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendant Merritt's Motion for Summary Judgment. (ECF Nos. 15, 16, 17).

### I. BACKGROUND

Plaintiff filed his Complaint on October 16, 2018. (ECF No. 1). He is currently incarcerated in the Arkansas Department of Correction ("ADC") Ouachita River Unit. He alleges his constitutional rights were violated by Defendant Merritt's use of excessive force against him in the chow hall on August 21, 2018. (*Id*. at 3). Plaintiff proceeds against Defendant Merritt in his personal capacity. (*Id*. at 4). He seeks compensatory and punitive damages. (*Id*. at 5).

Defendant Merritt filed his Motion for Summary Judgment on December 11, 2018. (ECF Nos. 15, 16, 17). On December 12, 2018, the Court entered an Order directing Plaintiff to file his Response to the Motion. (ECF No. 20). Plaintiff did so on January 7, 2019. (ECF Nos. 23, 24, 25, 26).

## II.  LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III.  ANALYSIS

Defendant Merritt argues summary judgment in his favor is appropriate because Plaintiff failed to exhaust his administrative remedies against him for the incident on August 21, 2018, prior to filing this lawsuit.  (ECF No. 15 at 1).

Plaintiff admits he did not exhaust his grievance, but argues he filed an Informal Step One grievance about the incident and was told a disciplinary issue was a non-grievable matter, so he

2

did not proceed further with the ADC grievance process. (ECF No. 26 at 1). He notes that he did not grieve the fact that he received a disciplinary because he did not know at the time that a disciplinary charge had been filed. The subject of his Step One Informal grievance was instead Defendant's actions against him. He further states that it is common procedure for ADC staff to deem any incident in which an inmate receives a disciplinary charge to be non-grievable. (ECF No. 24 at 2).

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted). The "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. A prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012).

The Eighth Circuit Court of Appeals has recognized only two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures; or (2) when the officials themselves fail to comply with the grievance procedures. *See Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005) (citing *Miller v. Norris*, 347 F.3d 736 (8th Cir. 2001) (explaining that a prisoner is only required to exhaust those administrative remedies that are

3

available and any remedies that prison officials prevent a prisoner from utilizing are not considered available)). It is not Plaintiff's subjective belief regarding whether he had any administrative remedies remaining that should be considered, but whether any administrative remedies were in fact still available. *See Gibson v. Weber,* 431 F.3d 339, 340 (8th Cir. 2005) (incorrect advice from medical staff and officers that medical complaints should be done informally and not to the prison administration under its grievance procedure did not excuse failure to exhaust); *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002) (the court should not consider the inmate's subjective beliefs, logical or otherwise, in determining whether administrative procedures are available); *Hahn v. Armstrong*, 407 Fed. App'x. 77, 79 (8th Cir. 2011) (poor legal advice is not a recognized basis for an exhaustion exception).

Here, Plaintiff was convicted of a disciplinary charge for the August 21, 2018 incident. (ECF No. 15-7 at 5). Plaintiff alleges he was not notified of that disciplinary charge until August 28, 2018. (ECF No. 26 at 2). Plaintiff filed an Informal Step I Grievance concerning the incident on August 23, 2018. (ECF No. 1 at 7). He stated:

> On 8/21/18 in chow hall 3 I was brutally slammed down on my back (while in cuffs) by Officer Merritt. I was verbally upset and voiced my opinion to Officer Merritt. At no point was I physically resistive to the Officer. Only when he tried to tackle me did I stiffen my legs in an effort to remain standing. At this point the officer grabbed my throat – kicked my legs out from under me and slammed me down on my back (hands cuffed behind me). I am injured in many places.
>
> This was a very violent assault – when all I did was verbally voice my concerns about security issues in the chow hall. I am afraid of this officer and do not feel safe ever in his presence.
>
> I believe Cpl. Sherrell may have witnessed the incident.

4

(*Id*.).  He received a response the same day, stating "On 8-21-18 Inmate Davison ADC# 127934 received a major disciplinary for his actions.  This is a non grievable matter." [1] (*Id*.).  Plaintiff signed the form on August 23, 2018, indicating he received the response.

Plaintiff is correct that this response to his grievance does not accurately reflect the substance of his grievance, as he was grieving the excessive force allegedly used against him rather than the disciplinary charge.  (ECF No. 24 at 2).  However, Defendant is also correct in his argument that Plaintiff had the opportunity to proceed to the next step in the ADC grievance process if he disagreed with the response.  He was, in fact, required to proceed through the ADC grievance process if he wished to exhaust his available remedies.  (ECF No. 17 at 4). Plaintiff did not do so, [2] and does not allege that the process was unavailable to him.  (*Id*. at 4-5).  Plaintiff's belief that it was common practice for the ADC to deem any incident which resulted in a disciplinary charge as non-grievable does not excuse his failure to exhaust his remedies within the ADC grievance process.  *See Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015) (In order to exhaust all available remedies, inmate needed to appeal the grievance response "even if he believed an appeal would be ineffective."); *Lyon*, 305 F.3d 809 (the court should not consider the inmate's subjective beliefs, logical or otherwise, in determining whether administrative procedures are available).  Plaintiff therefore failed to exhaust his administrative remedies against Defendant Merritt.

Because he failed to exhaust his administrative remedies, Defendant Merritt is entitled to summary judgment as a matter of law.

---

[1] The Court notes that Plaintiff therefore had some knowledge of a possible disciplinary charge prior to August 28, 2019.  He is correct, however, that this information was received after he filed his Step One grievance.
[2] Defendant also notes that Plaintiff failed to appeal his disciplinary conviction using the disciplinary appeal process. (ECF No. 17 at 5).

## IV.  CONCLUSION

Accordingly, I recommend that Defendant's Motion for Summary Judgment (ECF No. 15) be GRANTED and Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **26th day of June 2019**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE